# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-165-FDW

| | |
|---|---|
| TREVOR MOHAMMED, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| KENNETH BEAVER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction, (Doc. No. 39).

The *pro se* incarcerated Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 for incidents that allegedly occurred at the Alexander Correctional Institution. The Complaint passed initial review on claims against Defendants Beaver and Townsend for unlawful conditions of confinement and against Defendants Fox, Harris, and Snuffer for retaliation. (Doc. No. 7).

Plaintiff filed the instant Motion while he was housed at Albemarle C.I. He claims that his materials were placed in storage when he was transferred to Alexander C.I. in May 2019 and still lacks access to them. He asks the Court to order Erik Hooks and Kenneth Lassiter to provide him access to his legal materials.

In his Memorandum of Law, (Doc. No. 40), he claims that he was subjected to a "retaliatory transfer" to Tabor C.I. where showers are not handicap accessible, that staff are failing to fully comply with physician's orders for breathing treatment and "prescribed items," *i.e.*, skin cream for a rash, and that this is causing him unnecessary pain and discomfort. (Doc. No. 40 at 1). Plaintiff's self-medications and cream were returned after three days and he was told that he can come to the

1

medical sub-station for breathing treatment. Only one nurse works in the medical sub-station, and she has other duties, and there is no nurse at night. This makes it difficult for Plaintiff to get breathing treatment and has to use his inhalers more often. "Other medical items" such as a bed wedge were not given to him. (Doc. No. 40-1 at 2). Plaintiff's medical records were "secretly changed by nursing staff" the day he arrived at Tabor and valid orders were erased. (Doc. No. 40-1 at 3). Plaintiff has repeatedly informed Hooks and the NCDPS Secretary about these acts by staff but they have not provided relief. Plaintiff claims that he is being threatened with irreparable harm because he has "COPD and deteriorat[ing] condition" that may have "severe" consequences if not treated and is being deprived of basic human needs with regards to showering. (Doc. No. 40 at 5). Plaintiff still does not have access to his legal materials but he was allowed to get "a couple of law books" that had been stored while Plaintiff was in segregation at Alexander. Plaintiff asks the Court to order Defendants to arrange access to handicap showers, for breathing treatments as prescribed, and access to his legal materials.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). A preliminary injunction is a remedy that is "granted only sparingly and in limited circumstances." MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quoting Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991)). To obtain a preliminary injunction, a movant must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. DiBiase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Winter, 555 U.S. at 20).

Plaintiff has failed to demonstrate that he is likely to succeed on the merits, that he is likely

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Therefore, his request for preliminary injunctive relief will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction, (Doc. No. 39), is **DENIED**.

Signed: February 6, 2020

Frank D. Whitney
Chief United States District Judge