IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:18-cv-00165-MR

| | | |
|---|---|---|
| TREVOR MOHAMMED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH BEAVER, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Reconsider [Doc. 78].

The incarcerated Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 addressing various incidents that allegedly occurred at the Alexander Correctional Institution. The Amended Complaint passed initial review on claims of deliberate indifference to serious medical needs, unconstitutional conditions of confinement, and retaliation. The Plaintiff moved for partial summary judgment and Defendants moved for summary judgment. [Docs. 62, 67]. The Court informed the Plaintiff of his right to respond pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he responded to Defendants' Motion for Summary Judgment. [Doc. 73]. After conducting a lengthy analysis, the Court granted the Defendants'

Motion for Summary Judgment and denied Plaintiff's Motion for Partial Summary Judgment on March 25, 2021. [Doc. 76].

On April 9, 2021,[1] Plaintiff filed the instant Motion asking the Court to reconsider the Order granting summary judgment, and to consider two "Motions" that, he claims, the Court failed to consider. [Doc. 26].

The Plaintiff's Motion asking the Court to reconsider its Order on summary judgment is construed as seeking relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) must be filed within 28 days of a judgment and may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

The Plaintiff timely filed his motion pursuant to Rule 59(e), but he has failed to make any argument that he could not have raised previously and he

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

has not identified any grounds warranting relief. The Plaintiff reiterates his § 1983 arguments, notes his disagreement with the Court's characterization of the forecast of evidence, and argues that the Defendants' evidence should be rejected. In short, he disagrees with the Court's conclusion that he failed to demonstrate the existence of a genuine dispute of material fact at trial. No Rule 59(e) relief is warranted on this basis.

The two "Motions" to which the Plaintiff refers appear to be the Motion for Clarification [Doc. 11], and the "Plaintiff's Response in Opposition to the Defendants' Filing of Amended Declarations" [Doc. 75]. First, the Plaintiff's suggestion that the Court failed to rule on the Motion for Clarification is incorrect. The Court construed the Motion for Clarification as a Motion to Amend and granted the Plaintiff an opportunity to file an Amended Complaint, which he did. [Docs. 13, 15]. The Plaintiff's Motion was considered and an appropriate ruling was entered; he has failed to demonstrate that any error occurred.

Second, the Plaintiff's suggestion that the Court should have ruled on his Response in Opposition is misguided in that it was not a Motion that required a ruling. See generally Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). The Court considered Plaintiff's arguments but found his objections to be meritless and thus considered

Defendants' Amended Declarations in its summary judgment analysis. That the Plaintiff disagrees with the Court's consideration of the Amended Declarations fails to demonstrate that any error occurred.

In sum, the Plaintiff has not identified an intervening change of law, new evidence that was not previously available, or a clear error of law to prevent a manifest injustice, and therefore, the Plaintiff's Motion for Rule 59(e) relief is denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reconsider [Doc. 78] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 6, 2021

Martin Reidinger
Chief United States District Judge